**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Alexander D. Neigum, | ) | |
| | ) | **ORDER GRANTING IN PART AND** |
| Plaintiff, | ) | **DENYING IN PART PLAINTIFF'S** |
| | ) | **MOTIONS IN LIMINE** |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:06-cv-026 |
| BNSF Railway Company, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are the Plaintiff's Motions in Limine filed on March 25, 2008. See Docket 33. On April 4, 2008, the Defendant filed a response in opposition to the motions. See Docket 37. For the reasons set forth below, the Court grants in part and denies in part the motions in limine.

**I.   BACKGROUND**

On February 6, 2004, the plaintiff, Alexander Neigum, was working as a locomotive engineer for the BNSF Railway Company (BNSF). See Docket 1. Neigum contends that he attempted to open the front door to the locomotive "BNSF 6787," but was unable to do so. See Docket 29-2. Neigum contends that he then tried to open the door with two hands, but the door would not open. Neigum alleges that he then "lunged on it," the door opened approximately two inches, and he hurt his back in the process.

Neigum filed a complaint against BNSF on March 28, 2006. See Docket 1. Neigum has

filed thirteen motions in limine. On April 4, 2008, BNSF filed a response in opposition to the motions. See Docket 37.

## II.     LEGAL DISCUSSION

Rules 401, 402, and 403 of the Federal Rules of Evidence establish which evidence is relevant and admissible. Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "All relevant evidence is admissible . . . . Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence may still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. It is well-established that a "district court is afforded wide latitude in determining issues of relevancy . . . ." Suggs v. Stanley, 324 F.3d 672, 682 (8th Cir. 2003) (citing EFCO Corp. v. Symons Corp., 219 F.3d 734, 739 (8th Cir. 2000)).

### A.     NEIGUM'S RETIREMENT BENEFITS

Neigum argues that evidence of retirement benefits or other payments he received after the incident is not admissible at trial because such payments are collateral sources. BNSF indicates that it will not introduce evidence of disability benefits or other collateral source benefits that Neigum may have received. The Court finds that retirement benefits or other payments Neigum received

after the alleged incident are not admissible pursuant to the collateral source rule. The Court **GRANTS** Neigum's motion in limine that seeks to exclude evidence of collateral sources.

### B. NEIGUM'S WIFE'S EMPLOYMENT AND INSURANCE COVERAGE

Neigum argues that evidence of his spouse's employment status and medical insurance coverage is not admissible because it is a collateral source. At least one Federal Court of Appeals has addressed the issue and held that a spouse's receipt of family medical insurance benefits is analogous to a receipt of payment by a collateral source and evidence of such benefits should be excluded. Sanjuan v. IBP, Inc., 160 F.3d 1291, 1299-1300 (10th Cir. 1998). BNSF indicates that it will not introduce evidence of Mrs. Neigum's employment status and receipt of medical insurance. The Court finds that evidence of Mrs. Neigum employment status and the medical insurance coverage is not relevant or admissible pursuant to the collateral source rule. The Court **GRANTS** Neigum's motion in limine that seeks to exclude evidence of Mrs. Neigum's employment status and receipt of medical insurance coverage.

### C. NEIGUM'S PLANNED RETIREMENT AGE

Neigum contends that BNSF should not be permitted to introduce evidence to establish at what age Neigum would have retired had he not been injured. The Court finds that BNSF is not precluded from introducing evidence to show that Neigum may not have intended to work beyond age 60. For example, the jury is entitled to hear of a post-accident statement Neigum provided to BNSF that it was his intention to retire at age 60. Neigum is entitled to explain what he meant in the statement and to explain his present intentions for retirement. But the post-accident statement

is relevant and admissible and the statement was made without any reference to the railroad "60/30" rule. BNSF will not be allowed to present evidence of Neigum's retirement benefits from the railroad but the post-accident statement is appropriate for the jury to consider. The Court **DENIES** Neigum's motion in limine to exclude evidence as to Neigum's planned retirement. It is ultimately up to the jury to decide how long Neigum intends to continue working on a full-time basis.

### D.      NEIGUM'S INABILITY TO RECEIVE WORKERS' COMPENSATION

Neigum contends that he should be permitted to inform the jury that he is not covered by workers' compensation, and that the Court should instruct the jury that workers' compensation benefits do not cover his injuries. An instruction that Neigum is not eligible for workers' compensation may prejudice BNSF. See Schmitz v. Canadian Pac. Ry. Co., 454 F.3d 678, 685 (7th Cir. 2006); Stillman v. Norfolk & W. Ry. Co., 811 F.2d 834, 838 (4th Cir. 1987) (holding that the plaintiff's "ineligibility for workers' compensation benefits was completely irrelevant to the issues presented in this case, and allowing the jury to consider such information could have prejudiced the Railroad."). In Schmitz, the Seventh Circuit Court of Appeals held that the "district court properly declined to instruct the jury that Schmitz was ineligible for workers' compensation payments." 454 F.3d at 685. The Court **DENIES** Neigum's motion in limine that seeks to have the jury informed that he is not eligible for workers' compensation benefits. Further, to ensure fairness, neither party will be permitted at trial to argue to the jury that Neigum is not covered by workers' compensation or that Neigum's sole source of recovery is the Federal Employers' Liability Act (FELA) lawsuit.

### E.     MITIGATION OF DAMAGES

Neigum contends that evidence of his alleged failure to mitigate damages should be excluded at trial. The Court finds that evidence of mitigation of damages is relevant and admissible pursuant to Rule 402 of the Federal Rules of Evidence. The Court **DENIES** Neigum's motion in limine that seeks to exclude all evidence of his failure to mitigate damages. Under North Dakota law, every person has a duty to take reasonable steps to minimize or mitigate his damages. The Court is unaware of any case law which stands for the proposition that an injured plaintiff need not take any steps to minimize or mitigate damages. It is ultimately left up to the jury to determine whether a refusal to accept other employment opportunities is reasonable or not.

### F.     NEIGUM'S ALTERNATIVE EMPLOYMENT OPPORTUNITIES

Neigum asserts that evidence of his alleged failure to mitigate damages by refusing to accept alternative employment opportunities with BNSF should be excluded. The Court finds that this evidence is also relevant and admissible at trial. It is clear that such evidence is relevant because there is a duty under North Dakota law to minimize or mitigate damages. See Hanson v. Boeder. 727 N.W.2d 280, 283 (N.D. 2007) ("A person injured by the wrongful acts of another has a duty to mitigate or minimize damages . . . ."). Such evidence is relevant and it is for the jury to determine whether a refusal to accept other potential employment opportunities is reasonable under the circumstances. The Court **DENIES** Neigum's motion in limine that seeks to exclude evidence of his failure to accept alternative employment opportunities with BNSF.

### G. EXAMINATION OF ADVERSE WITNESSES

Neigum requests an order permitting the use of leading questions when examining current and former BNSF officers and employees. Neigum also seeks an order prohibiting BNSF from asking leading questions of its officers. Rule 611(c) of the Federal Rules of Evidence establishes that:

> Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony. Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions.

Rule 611(c) establishes the proper use of leading questions. There is no need for the Court to issue orders addressing the use of leading questions at trial. The Court **DENIES** Neigum's motion in limine that seeks an order permitting the use of leading questions.

### H. NEIGUM'S ASSUMPTION OF RISK

Neigum contends that evidence of assumption of risk while working for BNSF should be excluded because the assumption of risk defense has been abolished under FELA. See 45 U.S.C. § 54. BNSF agrees that it is not allowed to argue that Neigum assumed a risk while working for BNSF. BNSF contends that it is entitled to argue that its only duty under FELA was to provide a safe workplace, and that it may present evidence of contributory negligence on the part of Neigum. It is clear and undisputed that the defense of assumption of risk is not allowed under FELA. However, it is equally clear that BNSF may introduce evidence of a safe workplace and Neigum's alleged contributory negligence. The Court **GRANTS** Neigum's motion in limine that seeks to

exclude evidence of his alleged assumption of risk but not the exclusion of evidence of contributory negligence or comparative fault.

### I.     FEDERAL AND LOCAL INCOME TAXES

Neigum argues that if the jury is instructed that it may not increase the amount of any damage award because of state or federal income taxes, the jury should also be instructed that it may not decrease any award because of tax consequences. Neigum argues that if the jury is to be informed of the tax consequences to him, the jury should also be informed of the tax consequences to BNSF. At this stage, the Court **DENIES** Neigum's motion in limine that seeks to have the jury instructed on the tax implications of any damage award. The subject can be revisited at the time jury instructions are addressed.

### J.     DAMAGE CLAIMS MADE AGAINST BNSF

Neigum argues that evidence of past or current claims for damages made by himself or other potential witnesses against BNSF should be excluded. No further information has been provided to the Court. Evidence of damage claims made by Neigum or other witnesses against BNSF <u>may be</u> admissible to show bias or prejudice. The Court will defer ruling on any such evidence until trial.

### K.     DISCIPLINARY ACTION AGAINST NEIGUM

Neigum contends that evidence of past disciplinary action taken against him or other potential witnesses that is unrelated to the incident would be prejudicial if admitted. In its response, BNSF states that it is unaware of any past disciplinary actions taken against Neigum. The Court

finds that this evidence, even if relevant, would be unfairly prejudicial and is excluded pursuant to Rule 403 of the Federal Rules of Evidence as to Neigum. The Court **GRANTS** Neigum's motion in limine that seeks to exclude evidence of any past disciplinary action taken against Neigum. However, the Court will defer ruling on disciplinary action taken against other unknown witnesses until trial as such evidence may be admissible to show bias or prejudice.

### L.      PAST AND PRESENT RAILROAD AND UNION EMPLOYMENT BY NEIGUM'S COUNSEL

Neigum argues that evidence of his counsel's past railroad employment or past and present union memberships would be prejudicial if admitted. In its response, BNSF indicates that it will not introduce evidence of Neigum's counsel's relationship with the railroad or union, and agrees that such evidence is irrelevant. The Court finds that this evidence lacks relevance under Rule 401 of the Federal Rules of Evidence. The Court **GRANTS** Neigum's motion in limine that seeks to exclude evidence of Neigum's counsel's past and present railroad employment or union membership.

### M.      NEIGUM'S PAST INJURIES OR ACCIDENTS

Finally, Neigum contends that evidence of prior accidents that occurred before or after the February 2004 incident with the locomotive door are not relevant. Neigum also seeks to exclude evidence of any settlements by Neigum of personal injury claims. The Court finds that evidence of Neigum's past accidents may be relevant to the incident at issue in this case and the injuries sustained. Although Neigum has not provided any information concerning any of the other accidents in which he was involved, if the medical evidence presented at trial supports a finding that

other accidents or incidents may have contributed to his current back problems, such evidence <u>may be</u> admissible at trial.  At this stage, the Court **DENIES** Neigum's motion in limine that seeks to exclude evidence of previous injuries or accidents.  This subject may be revisited at trial.  The Court **GRANTS** Neigum's motion in limine with regard to the exclusion of settlements by Neigum or personal injury claims.

### III.     <u>CONCLUSION</u>

For the reasons set forth above, the Court **GRANTS** in part and **DENIES** in part Neigum's motions in limine.  (Docket 33.)  In summary, the Court **GRANTS** Neigum's motions in limine that seek the exclusion of the following evidence:  collateral sources of payment received by Neigum; evidence of Neigum's wife's medical insurance; evidence of Neigum's retirement benefits for the purpose of establishing Neigum's retirement age; evidence of Neigum's assumption of risk; evidence of past disciplinary action taken against Neigum; evidence of Neigum's counsel's past and present railroad and union affiliation; and evidence of Neigum's past personal injury settlements.

The Court **DENIES** Neigum's motions in limine that seek the exclusion of the following evidence:  Neigum's ineligibility for workers' compensation benefits; Neigum's failure to mitigate or minimize damages; Neigum's failure to accept alternative employment opportunities with BNSF; an order permitting the use of leading questions;  instructions to the jury about the tax implications of any damage award; and Neigum's prior accidents or injuries.  The Court **DEFERS** ruling on Neigum's motion in limine to exclude evidence of past or current claims for damages made by other

potential unnamed witnesses against BNSF, and defers ruling on the motion in limine to exclude evidence of prior disciplinary action taken against other witnesses.

The Court directs counsel to inform their clients and witnesses of this order and its prohibitions and allowances.

**IT IS SO ORDERED**.

Dated this 8th day of April, 2008.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court